IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RONALD RABIN and JANICE
RABIN,

                  Plaintiffs,

v.

JAMES D. GARWOOD, ROANE
TRANSPORTATION SERVICES,
LLC, and CHEROKEE
INSURANCE COMPANY,

                  Defendants.

1:15-cv-4099-WSD

## OPINION

On November 23, 2015, Defendants James D. Garwood ("Garwood"), Roane Transportation Services, LLC ("Roane") and Cherokee Insurance Company ("Cherokee) (together, "Defendants") removed [1] Plaintiffs Ronald A. Rabin's and Janice Rabin's ("Plaintiffs") negligence action from the Superior Court of Henry County, Georgia.

Defendants' Notice of Removal asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500,

501 (2006).  The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  In this case Plaintiffs' Complaint [1.1] raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.  28 U.S.C § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant."  Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).  "Citizenship for diversity purposes is determined at the time the suit is filed."  MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005).

The Notice of Removal does not adequately allege Roane's citizenship.  The Notice of Removal states that Roane is "a foreign corporation organized and existing under the laws of Tennessee, maintaining its principal office and principal place of doing business in Rockwood, Tennessee . . . ."  (Notice of Removal ¶ 4).  Roane Transportation Services, LLC's name plainly shows that it is not a

corporation but a limited liability company.  A limited liability company, unlike a corporation, is a citizen of any state of which one of its members is a citizen, not of the state where the company was formed or has it principal office.  See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).

The Court requires further information regarding Roane's members and their citizenship to determine whether diversity jurisdiction exists in this matter. Accordingly, Defendants are required to file a supplement to their Notice of Removal identifying each of Roane's members and each member's citizenship.[1] The Court notes that it is required to dismiss this action, unless Defendants provide the required supplement alleging sufficient facts to show the Court's jurisdiction or submits evidence establishing jurisdiction.  See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268–69 (11th Cir. 2013) (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establishes jurisdiction).

---

[1] "[W]hen an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court."  RES-GA Creekside Manor, LLC v. Star Home Builders, Inc., No. 10-cv-207, 2011 WL 6019904, at *3 (N.D. Ga. Dec. 2, 2011) (quoting Multibank 2009-1 RES-ADC Venture, LLC v. CRM Ventures, LLC, No. 10-cv-02001, 2010 WL 3632359, at *1 (D. Colo. Sept. 10, 2010)).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants file their "Supplement to Removal" on or before December 17, 2015, that provides the information required by this Order.

**SO ORDERED** this 2nd day of December, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE